**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK CALLIARI, | No. 10-35736 |
| Plaintiff-counter-claim-defendant - Appellee, | D.C. No. 2:08-cv-01111-MJP |
| v. | MEMORANDUM[*] |
| SARGENTO FOODS INC, | |
| Defendant-counter-claimant-plaintiff - Appellant, | |
| FLORA DAMASIO; ANTOINE IOANNIDES; ANDREAS IOANNIDES; GAYLE K. GOODRICH; GILLIAN OLSON; RICHARD J. OLSON; BETTY CROUSE, | |
| Counter-defendants - Appellees. | |

| | |
|---|---|
| PATRICK CALLIARI, | No. 10-35788 |
| Plaintiff-counter-claim-defendant - Appellant, | D.C. No. 2:08-cv-01111-MJP |
| v. | |

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

SARGENTO FOODS INC,

               Defendant-counter-claimant-
plaintiff - Appellee,

FLORA DAMASIO; ANTOINE
IOANNIDES; ANDREAS IOANNIDES;
GAYLE K. GOODRICH; GILLIAN
OLSON; RICHARD J. OLSON; BETTY
CROUSE,

               Counter-defendants -
Appellants.

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted June 7, 2011
Seattle, Washington

Before: REINHARDT, W. FLETCHER, and RAWLINSON, Circuit Judges.

This diversity action arises from the acquisition of Portionables, Inc.

(Portionables), a Washington frozen sauce manufacturer, by Sargento Foods, Inc.

(Sargento), a Wisconsin cheese company. The transaction was governed by two

agreements: the Stock Purchase Agreement (SPA) and the Employment

Agreement (EA).

**1.** The district court properly granted summary judgment in favor of the Shareholders on Sargento's breach of warranty counterclaims.

The undisputed facts established that Portionables did not produce or sell milk products as defined by the South Dakota Department of Agriculture at the time of the acquisition. The Shareholders therefore were not required by South Dakota law to obtain a state dairy license and were, as warranted, in compliance with applicable laws.

The extrinsic evidence proffered by Sargento failed to raise a triable issue of material fact regarding the adequacy of Portionables' equipment, structures, and capacity. *See U.S. Life Credit Ins. Co. v. Williams*, 919 P.2d 594, 597-98 (Wash. 1996) (enforcing contract as written).

**2.** The district court correctly granted judgment as a matter of law pursuant to FRCP 50(a) in favor of Calliari on Sargento's claim seeking the return of Calliari's signing and retention bonus. The court was required to determine the objective meaning of the parties' written agreement by interpreting the plain language of EA § 4(d) and any testimony regarding the parties' unexpressed subjective understanding was irrelevant. *See Hearst Commc'ns Inc. v. Seattle Times Co.*, 115 P.3d 262, 267 (Wash. 2005) (en banc).

3

**3.** The district court properly denied the Shareholders' motions for judgment as a matter of law pursuant to FRCP 50(a) and FRCP 50(b) on the claims alleging that Sargento breached the EA and SPA by interfering with Calliari's operational control over Portionables during the earnout period. The operational control provisions of the parties' agreements were ambiguous and subject to at least two reasonable interpretations. *See Tanner Elec. Co-op. v. Puget Sound Power & Light Co.*, 911 P.2d 1301, 1310-11 (Wash. 1996) (en banc). The jury, by its verdict, adopted the definition of operational control proffered at trial by Sargento. Although it may have been possible to draw a contrary conclusion, the verdict was supported by substantial evidence and the Shareholders' FRCP 50(b) motion was properly denied. *See First Nat'l Mortg. Co. v. Fed. Realty Inv. Trust,* 631 F.3d 1058, 1067-68 (9th Cir. 2011).

**4.** The district court did not abuse its discretion when it awarded trial costs to Sargento and denied the Shareholders' motion to retax costs. The district court recognized that it had discretion to require each party to bear its own costs in the event of a mixed judgment, but declined to do so. This conclusion was not an abuse of the district court's discretion nor an erroneous determination of law. *See Martin v. Cal. Dep't of Veterans Affairs*, 560 F.3d 1042, 1047 (9th Cir. 2009).

4

**5.** The district court did not abuse its discretion when it awarded attorney fees to the Shareholders as prevailing parties on Sargento's breach of warranty counterclaims. *See, e.g., Crest Inc. v. Costco Wholesale Corp.*, 115 P.3d 349, 355 (Wash. Ct. App. 2005).

**AFFIRMED.**